UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROY WEIN,

                            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendant.

**COMPLAINT**

**18-cv-**

**JURY TRIAL DEMANDED**

---

Plaintiff ROY WEIN, by and through his attorneys GLASS & HOGROGIAN, LLP, as and for his Complaint, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff tenured teacher Roy Wein brings this action against his employer the New York City Department of Education ("NYCDOE") (1) for age discrimination and retaliation pursuant to the federal Age Discrimination in Employment Act ("ADEA"); (2) for disability discrimination and retaliation pursuant to the federal Americans with Disabilities Act (ADA); and (3) for disability discrimination and retaliation pursuant to the federal Rehabilitation Act of 1973.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves federal questions.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

4. Plaintiff Roy Wein is a resident of the State of New Jersey and employed by the NYCDOE as a tenured teacher licensed in common branches (pre-K through 6th grade). At all relevant times, Plaintiff was assigned to teach at Public School ("P.S.") 96 within the New York City Department of Education (NYCDOE).

5. Defendant NYCDOE is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq.*, and a recipient of federal and state funds.

6. David Pretto presently is the principal of P.S. 96 within the NYCDOE located in Upper Manhattan.

## FACTUAL ALLEGATIONS
### Employment History

7. Mr. Wein began his employment as a teacher with the NYCDOE over 30 years ago. He left the NYCDOE for the private sector and returned to teaching as a Teaching Fellow in 2001.

8. In 2001, Mr. Wein was appointed to P.S. 96 as a teacher and remained assigned to that school until September 2018.

9. Mr. Wein's date of birth is September 1, 1958 and he is currently approximately 60 years old.

10. Mr. Wein was among the eldest and most senior teachers employed at P.S. 96.

11. Effective July 1, 2014, David Pretto (approximately age 39) became the principal of P.S. 96, and, as such, he became Mr. Wein's supervisor and rating officer.

12. Mr. Wein was rated Satisfactory or Effective every year until the 2015-16 school year. He has never been the subject of a formal Teacher Improvement Plan.

### 2016-17 School Year

13. Teachers are permitted to provide a preference with respect to teaching assignments for a particular school year. For the 2016-17 school year, Mr. Wein requested to teach Pre-Kindergarten or Kindergarten, as he taught that class every year through the 2015-16 school year. Yet, he was suddenly assigned to teach elementary science as a cluster teacher at the start of the 2016-17 school year.

14. During the 2016-17 school year, all elementary school teachers were given extensive curriculum packages, materials, and periodic Professional Development ("PD") training, except for Mr. Wein. Instead, Mr. Wein received incomplete and outdated textbooks and a scope and sequence for science, instead of a curriculum, as a science cluster.

15. At the beginning of a school year, tenured teachers, during their initial planning conference ("IPC"), are given the option between their administration conducting six informal evaluations, or one formal evaluation and three informal evaluations. These evaluations serve as the basis for a teacher's annual rating.

16. At the start of the 2016-17 school year, during his IPC, Mr. Wein elected the informal evaluation method comprising six informal evaluations.

17. Mr. Wein received his first written informal evaluation on November 22, 2016, for a fifteen (15) minute observation that was conducted on October 26, 2016. Mr. Wein received a mix of "Effective," "Developing,", and "Ineffective" ratings in the eight individually

3

rated components of the evaluation. Notably, in component 4(e) "Growing and Developing Professionally, Mr. Wein received an "Effective" rating, indicating that he was reflective and collaborative in developing his pedagogical practice.

18.     Significantly, on or about November 23, 2016, Principal Pretto observed Mr. Wein during an elementary science class. Mr. Wein conducted an exceptional lesson in science jeopardy and Principal Pretto knew it.  However, Principal Pretto never issued Mr. Wein an observation report of this lesson and never offered him any explanation as to why.

19.     On or about December 22, 2016, Mr. Wein suffered a severe corneal ulceration to his eye. A complication developed, and this turned into a corneal infection which worsened in January 2017.  This adversely affected Mr. Wein's vision.

20.     Due to his corneal infection, Mr. Wein requested and was granted a leave for restoration of health between January 5, 2017 until May 10, 2017.

21.     Mr. Wein returned to P.S. 96 on or about May 10, 2017.

22.     Upon returning to P.S. 96 in May 2017, a United Federation of Teachers (UFT) union borough representative informed him that he was ineligible to receive a rating for the 2016-17 school year based upon the number of absences he incurred that year.  He also saw on the NYCDOE Human Resources Department payroll portal that he was not ratable for the year.

23.     In May 2017, Principal Pretto also confirmed with UFT Chapter Leader, Michael Hawkins, that Mr. Wein would not be rated for the 2016-17 school year.

24.     From the time Mr. Wein returned from his leave on May 10, 2017 until the end of that school year on June 26, 2017, Mr. Wein was not observed by the school administration.

25.     During the entire 2016-17 school year, no disciplinary letters were placed into Mr. Wein's personnel file and he was not subject to a TIP plan.

4

26. Despite this lack of documentation and his approved medical leave, Principal Pretto gave Mr. Wein an Unsatisfactory rating on September 6, 2017 for the 2016-17 school year. The rating form lists 24 categories. Mr. Wein was not rated in a single category and was simply given an overall rating of "U" for the school year.

27. At no point during the school year was Mr. Wein given any notice that he was in danger of receiving an unsatisfactory overall rating.

28. At no point during the school year was Mr. Wein given any remediation or recommendations on how to improve his pedagogy so that he could avoid receiving this adverse rating.

29. Notably, by rating Mr. Wein under the Unsatisfactory/Satisfactory system, as opposed to the newly developed "HEDI" system, Principal Pretto ignored his Measures of Student Learning (MOSL) score, which is supposed to comprise forty (40) percent of a teacher's annual evaluation.

30. An unsatisfactory annual rating significantly affects a teacher's employment and it is an adverse employment action. Specifically, as eventually happened here, it can be the basis for Education Law Section 3020-a charges which can lead to termination of employment. Additionally, Unsatisfactory rated teachers lose the ability to perform per session work, such as tutoring after school hours, which significantly diminishes a teacher's compensation.

31. Mr. Wein lost eligibility for per session employment opportunities during the 2016-17 and 2017-18 school years because of the unsatisfactory rating.

## **2017-2018 School Year**

32.     As described above, teachers are permitted to provide a preference with respect to teaching assignments.  Mr. Wein again requested to teach Pre-Kindergarten or Kindergarten, as he taught that type of class every year through the 2014-15 school year.

33.     Once again, his preference was not honored.  Instead, Mr. Wein was assigned to teach five classes outside his license area, to 7th and 8th graders. Three out of the five classes Mr. Wein taught were ICT classes which were mixed with Special Education students, but there were no Special Education co-teachers assigned to his classes. There were other licensed teachers who could have properly been assigned to teach 7th and 8th grade.  They were each younger than Mr. Wein and not disabled.

34.     Mr. Wein received a mixed observation report on October 25, 2017 for an observation conducted on October 12, 2017 under the direction of the Principal; a mixed observation report on December 8, 2017 for an observation conducted on November 10, 2017 under the direction of the principal; and a developing observation report on March 8, 2018 for an observation conducted on March 2, 2018 under the direction of the principal.  On April 7, 2018, Mr. Wein received an ineffective in all categories for an observation conducted on March 19, 2018, directly by the Principal. However, Mr. Wein actually performed an excellent lesson each time he was observed.

35.     Under the direction of Principal Pretto, Mr. Wein received a disciplinary letter on January 16, 2018, which falsely accused him of throwing a carrot at a student.

36.     On or about January 8, 2018, Mr. Wein filed a verified complaint with the New York State Division of Human Rights ("NYSDHR") against the NYCDOE, which was dually filed with the EEOC.

6

37. After filing that protected administrative complaint, on or about May 23, 2018, Mr. Wein was reassigned from his teaching assignment at the school due to an undisclosed investigation, and reassigned to a reassignment center in Manhattan.

38. At the end of the 2017-18 school year, Mr. Wein received an Ineffective Rating and lost eligibility for per session teaching assignments.

### 2018-2019 School Year

39. On or about September 6, 2018, the second day of the new school year, Education Law § 3020-a charges seeking to terminate Mr. Wein's tenured employment were preferred by Principal David Pretto and served on Mr. Wein. Those allegations have not yet proceeded to hearing before a 3020-a hearing officer.

40. The Section 3020-a charges contained six specifications which relate to the conduct and incidents described above.

41. Very significantly, some of the specifications date back as far as 2015, and the NYCDOE was on notice of the allegations that serve as the basis of the charges, yet the NYCDOE did not remove Mr. Wein from his teaching duties until Mr. Wein filed a protected charge of age and disability discrimination against the NYCDOE and the school principal.

42. Because of Mr. Wein's reassignment from his duties, he has been unable to earn any per session pay, has been reassigned from his school indefinitely, and he faces potential loss of his tenured teaching position.

43. Principal David Pretto prefers to employ younger teachers.

44. Principal Pretto previously instituted Section 3020-a charges against other senior teachers Sharon Hodge and Lenora Carter who are both females in their 50's, and like Mr. Wein, have been teaching over twenty years.

45. Mr. Wein has been treated differently and unfairly because of his age and because of his eye injury. He has a disability within the meaning of the federal ADA and Rehabilitation Act.

46. On or about October 6, 2018, Mr. Wein received a Notice of Right to sue letter from the EEOC dated October 4, 2018. A copy of that letter is annexed hereto as Exhibit A.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**(Age Discrimination and Unlawful Retaliation under ADEA, 29 U.S.C. § 421 et. seq.)**

47. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

48. Defendant, through the aforementioned conduct, has violated the federal Age Discrimination in Employment Act, by discriminating against Plaintiff by rating him in a less-than-effective manner on observations and end of year ratings; issuing him unwarranted disciplinary letters to file; bringing him up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from his duties; and denying him the opportunity to earn per session school pay.

## SECOND CLAIM FOR RELIEF

**(Disability Discrimination and Unlawful Retaliation under ADA, 42 U.S.C § 12101 et. seq.)**

49. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

8

50. Plaintiff is disabled under the meaning of the ADA and fully qualified to perform his job duties.

51. Defendant, through the aforementioned conduct, has violated the ADA, by discriminating against Plaintiff by rating him in a less-than-effective manner on observations and end of year ratings; issuing him unwarranted disciplinary letters to file; bringing him up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from his duties; and denying Plaintiff the opportunity to earn per session school pay.

### THIRD CLAIM FOR RELIEF

**(Disability Discrimination Based and Unlawful Retaliation under Rehabilitation Act, 29 U.S.C. 701 et. seq.)**

52. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Plaintiff is disabled under the meaning of the Rehabilitation Act and fully qualified to perform his job duties.

54. Defendant, through the aforementioned conduct, has violated the Rehabilitation Act, by discriminating against Plaintiff by rating him in a less-than-effective manner on observations and end of year ratings; issuing him unwarranted disciplinary letters to file; bringing him up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from his duties; and denying Plaintiff the opportunity to earn per session school pay.

### JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

9

A. A declaratory judgment that Defendant is in violation of the ADEA; and

B. A declaratory judgment that Defendant is in violation of the ADA; and

C. A declaratory judgment that Defendant is in violation of the Rehabilitation Act of 1973; and

D. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the ADEA, ADA, and Rehabilitation Act;

E. Awarding Plaintiff costs and reasonable attorneys' fees; and

F. Such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
November 29, 2018

                    **GLASS & HOGROGIAN, LLP**
                    Attorneys for Plaintiff
                    85 Broad Street
                    WeWork – 18th Floor
                    New York, NY 10004
                    (212) 537-6859
                    bglass@ghnylaw.com

By: _____
     Bryan D. Glass, Esq.