# GLASS & HOGROGIAN LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
85 Broad Street, WeWork-18th Fl.
NEW YORK, NY 10004
212-537-6859
FAX NO. 845-510-2219
E-mail: bglass@ghnylaw.com

*Bryan D. Glass*
   Partner

March 22, 2019

**Via ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Roy Wein v. New York City Department of Education*
      18 Civ. 11141 (PAE)

Dear Judge Engelmayer:

I am Plaintiff's counsel in the above-referenced matter. As Defendant's counsel did not provide sufficient time for Plaintiff to include his description of the case today before insisting on filing the joint letter, attached is a revised version of the joint letter with Plaintiff's allegations included in preparation for Monday's 11 am conference. Plaintiff has no issue with the proposed case management plan.

**A.   Description of the Case**

   **i.   Plaintiff's Allegations**

Plaintiff Roy Wein, a veteran tenured elementary school teacher employed by Defendant New York City Department of Education ("DOE"), brings this action alleging age and disability discrimination, and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. Mr. Wein began his employment as a teacher with the NYCDOE over 30 years ago and left for the private sector for a few years. In 2001, he returned to the NYCDOE as a Teaching Fellow and was appointed to P.S. 96 as a teacher, and remained assigned to that school until September 2018. He is currently 60 years old and was among the eldest and most senior teachers employed at P.S. 96. He was rated Satisfactory or Effective *every year of his career* until the 2015-16 school year, after a new principal, David Pretto, took over for the 2014-15 school year.

During the 2016-17 school year, Principal Pretto changed Mr. Wein's assignment from his usual kindergarten or prekindergarten assignment to a science cluster teacher assignment. On December 22, 2016, Mr. Wein suffered a severe corneal ulceration to his eye, and was out of school from January-May 2017. Despite receiving only one mixed rating that school year, Principal Pretto gave him an Unsatisfactory rating overall for the 2016-17 school year.

During the 2017-18 school year, Principal Pretto assigned Mr. Wein to teach five classes *outside his license area,* to 7th and 8th graders, three of which were ICT classes which were mixed with Special Education students, with no Special Education co-teachers assigned to his classes. Principal Pretto then caused to be issued to Mr. Wein a disciplinary letter on January 16, 2018, which falsely accused him of throwing a carrot at a student. Tired of the continuous harassment, Mr. Wein then filed an age and disability based complaint against Principal Pretto and the NYCDOE with the New York State Division of Human Rights (dual filed with EEOC) on January 8, 2018.

After filing that protected administrative complaint in January 2018, Principal Pretto swiftly retaliated against Mr. Wein based on the filing of this protected complaint. In May 2018, Principal Pretto caused him to be reassigned from his teaching assignment at the school to a reassignment center in Manhattan. At the end of the 2017-18 school year, Mr. Wein received an overall Ineffective Rating and lost eligibility for per session teaching assignments. In September 2018, Mr. Wein was served disciplinary charges pursuant to New York State Education Law 3020-a seeking termination of his employment. Those charges remain pending.

### ii.     Defendant's Response

After careful consideration of the evidence and the arguments submitted by the parties in the pleadings and at oral argument on July 26, 2018, the Court denied Plaintiff's Article 78 petition and dismissed the proceeding on the grounds that the U-rating "was not arbitrary and capricious but rationally based upon [Plaintiff's] poor pedagogical performance." *See* Order of New York Supreme Court, New York County, in *Matter of Roy Wein v. City of New York et al.*, Index No. 151728/2018, dated July 26, 2018, annexed to the Answer, ECF No. 8, as Exhibit "3."

Defendant disputes that any adverse action was taken against Plaintiff on account of his age or his eye injury or in retaliation for any complaints Plaintiff may have made regarding discrimination on the basis of his age or his eye injury. As an initial matter, the Complaint is either wholly or partially barred by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel, or any combination of these doctrines. Further, the Complaint is either wholly or partially time-barred by the applicable statutes of limitations. Finally, the Complaint fails to plausibly state cognizable claims of discrimination or retaliation arising under the ADEA, the ADA, or the Rehabilitation Act.

B.     **Contemplated Motions**

In consideration of the above, Defendant believes it has a viable motion for judgment on the pleadings pursuant to Federal Civil Procedure Rule 12(c).  Thus, Defendant requests the Court's leave to file a motion for judgment on the pleadings within thirty (30) days.

In the event Defendant's motion for judgment on the pleadings is not completely successful, Defendant anticipates filing a motion for summary judgment at the end of discovery.

Plaintiff believes Defendant's motion would be in bad faith at this juncture as there is a clear inference of age and disability-based discrimination, and retaliation based on the timing of events, as alleged in the complaint and Plaintiff's factual statement above.

C.     **Settlement Prospects**

Pursuant to the Court's order of February 26, 2019 (ECF No. 10), the parties scheduled a mediation session for April 2, 2019, with mediator Francis Carling.  Defendant does not believe that settlement would be appropriate at this time.  As such, Defendant respectfully requests that Your Honor rescind the Court's order of February 26, 2019.  In contrast, Plaintiff is optimistic that mediation could be successful at an early stage in this case, as it has been in other cases on behalf of senior teachers commenced by this office against the NYCDOE under similar circumstances. Mr. Wein is willing to discuss options with a fixed retirement date and resolution of the Section 3020-a charges as part of a global settlement of this matter.

Thank you for Your Honor's consideration.

                                          Respectfully submitted,

                                          s/

                                          Bryan D. Glass, Esq.

cc:     Brittany Finder, Assistant
       Corporation Counsel,
       Attorney for Defendant