UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY WEIN,

                Plaintiff,

-v-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.

18 Civ. 11141 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the declarations of lead counsel for each party regarding their failure to submit a joint statement of stipulated facts. Dkts. 30–31. The Court finds that counsels' inability to stipulate to even a single fact stemmed from a combination of a lack of collegiality, a failure to adhere to deadlines, and a misunderstanding by all counsel of the nature and purpose of joint statement of stipulated facts.

Counsels' lack of collegiality is abundantly clear from the declarations and exhibits, as well as the *res ipsa loquitur* of their inability to produce any stipulated facts. To take one example, counsel for plaintiff admits that he "fundamentally does not have an issue with Defendant's proposed statements of facts," but he refused to stipulate to them in retaliation for counsel for defendant's refusal to stipulate to other proposed statements of fact. Dkt. 31 at 3.

The failure to adhere to deadlines here falls mainly on counsel for defendant. At the pre-motion conference on October 25, 2019, the Court explicitly "urge[d]" counsel for defendant to "to get your draft" to counsel for plaintiff "by November 5 . . . then informally you two will take turns with it." Dkt. 24 ("Tr.") at 35. Counsel for defendant admits that she finally sent a

1

draft to counsel for plaintiff for the first time on November 13, 2019. Dkt. 30 at 1. This unapologetic delay put all counsel in an unnecessary time crunch to agree to stipulated facts, even with the Court's granting of an extension for the parties' joint statement, Dkt. 27.

Finally, counsel appear to have fundamentally misunderstood the Court's clear instructions for the joint statement. At the pre-motion conference, the Court explained:

> [t]he beauty of the JSF format, of course, is that you don't need to clutter up the JSF with the factual basis for the stipulation of fact. It is your stipulation that establishes the truth of the statement therein. And so, unlike a 56.1 statement, where you are having to dig up declarations from people and documents and paperwork, if you both agree that a certain fact is true, your stipulation to that effect is what makes it so.

Tr. at 33. Upon review of counsels' declarations and exhibits, much of the dispute that prevented the filing of a joint statement revolved around the adequacy of the record evidence cited in support of various statements of fact. But, the nature of the joint statement, as opposed to a 56.1 statement, obviates the need for any citation to record evidence whatsoever; if you agree on, *e.g.*, the date plaintiff Roy Wein was hired, you need not recite evidentiary support for that fact.

Because the Court still believes that the parties' stipulation to basic facts will be helpful both to the Court and to the parties as they brief defendant's motion for summary judgment, the Court will give counsel one more opportunity to stipulate to facts. The joint statement need not include any citations to the record; the parties' agreement on the stipulation establishes its truth for purposes of this litigation. To reiterate the Court's instructions at the pre-motion conference, counsel for either side "may seek to tweak factual representations [proposed by the other side] . . . if it is necessary to do so to bring them into accuracy. But to be quite clear, if you have some separate point you want to make, just put it in a different point. **Don't use that as a lever to haggle with a clearly accurate statement.**" Tr. at 34–35 (emphasis added).

The Court sets a **deadline of November 27, 2019 at 5 p.m. for the parties' joint statement of stipulated facts**. The Court does not grant, nor does it intend to grant without a showing of good cause, an extension of any deadlines for the parties' briefs on this motion.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 22, 2019
New York, New York